UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA GOMEZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| ADVOCATE CONDELL MEDICAL | ) | Formerly Case No. 2017 L 004501, |
| CENTER and NIGAM PATEL, M.D., | ) | Circuit Court of Cook County, Illinois |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL OF A CIVIL ACTION AND**
**SUBSTITUTION OF THE UNITED STATES AS DEFENDANT**

To: Dorothy Brown
Clerk of the Circuit Court
Richard J. Daley Center, Room 1001
50 West Washington Street
Chicago, Illinois 60602

Charles V. Falkenberg, III
Karlin, Fleisher & Falkenberg, LLC
111 W. Washington, Suite 950
Chicago, Illinois 60602

P. Matthew Glavin
180 North LaSalle Street, Suite 2002
Chicago, Illinois 60601

Lowis & Gellen
200 W. Adams Suite 1900
Chicago Illinois, 60606

The United States of America, by its attorney, Joel R. Levin, Acting United States Attorney for the Northern District of Illinois, submits this notice of removal of the above-captioned civil action from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern District of Illinois, pursuant to 42 U.S.C. § 233, and in support thereof states the following:

1. On May 3, 2017, plaintiff Sandra Gomez, commenced the above civil action against Advocate Condell Medical Center and Nigam Patel, M.D., alleging medical malpractice. A copy of the state court complaint is attached as Exhibit A. Nigam Patel, M.D., is an employee of Access Community Health Network, which is a private entity that receives grant money from the Public

Health Service pursuant to 42 U.S.C. § 233. *See* Exhibit B. In addition, Nigam Patel, M.D., was acting within the scope of his employment at the Access Community Health Network with respect to the incidents referred to in the complaint. *Id.*

2. This notice of removal is filed in accordance with 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that defendant Nigam Patel, M.D., was acting within the scope of his employment at the Access Community Health Network with respect to the incidents referred to in the complaint, which is a private entity receiving grant money from the Public Health Service. Exhibit B.

3. This notice of removal may be filed without bond at any time before trial. 42 U.S.C. § 233(c). Trial has not yet been had in this action.

4. Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 42 U.S.C. § 233(c), this civil action is deemed an action against the United States of America, and the United States is substituted as the federal party defendant in place of defendant Nigam Patel, M.D.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of Nigam Patel, M.D.

          Respectfully submitted,

          JOEL R. LEVIN
          Acting United States Attorney

          By: s/ Scott D. Heffron
              SCOTT D. HEFFRON
              Assistant United States Attorney
              219 South Dearborn Street
              Chicago, Illinois 60604
              (312) 886-4190
              scott.heffron@usdoj.gov

## Certificate of Service

The undersigned Assistant United States Attorney hereby certifies that the following document:

NOTICE OF REMOVAL OF A CIVIL ACTION AND
SUBSTITUTION OF THE UNITED STATES AS DEFENDANT

was served on October 6, 2017, in accordance with Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers, if any, and was mailed to:

Dorothy Brown
Clerk of the Circuit Court
Richard J. Daley Center, Room 1001
50 West Washington Street
Chicago, Illinois 60602

Charles V. Falkenberg, III
Karlin, Fleisher & Falkenberg, LLC
111 W. Washington, Suite 950
Chicago, Illinois 60602

P. Matthew Glavin
180 North LaSalle Street, Suite 2002
Chicago, Illinois 60601

Lowis & Gellen
200 W. Adams, Suite 1900
Chicago, Illinois 60606

s/ Scott D. Heffron
SCOTT D. HEFFRON
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-4190
scott.heffron@usdoj.gov

# EXHIBIT A

Attorney Code #49163
CVF/kls #40013

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| SANDRA GOMEZ, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. |
| | ) |
| ADVOCATE CONDELL MEDICAL | ) |
| CENTER and NIGAM PATEL, M.D., | ) |
| | ) |
| Defendants | ) |
| | ) |

## COMPLAINT AT LAW

### COUNT I

Now comes the Plaintiff, SANDRA GOMEZ, by her attorneys, KARLIN, FLEISHER & FALKENBERG, LLC, and complaining of the Defendant, ADVOCATE CONDELL MEDICAL CENTER, states as follows:

1. At all relevant times, including on and after May 3, 2015, Defendant, ADVOCATE CONDELL MEDICAL CENTER, was a full service hospital located at 801 S. Milwaukee Avenue in Libertyville, Illinois, and at said location did care for and treat patients.

2. On May 3, 2015, Plaintiff, SANDRA GOMEZ, was admitted to said facility for care and treatment relating to an overdose.

3. Upon admission, Defendant, through employees, placed an IV in the right arm antecubital area of the Plaintiff, SANDRA GOMEZ.

4. Plaintiff developed complications that required intubation and sedation, during which time period Plaintiff was totally under the control and care of the Defendant through agents and employees.

5. Upon waking from sedation and discharge from Defendant's facility on May 18, 2015, she had a wound on her right arm which she was not receiving treatment for.

6. On May 27, 2015, Plaintiff was readmitted into the Defendant facility at which time a 2cm AC wound was diagnosed and recognized.

7. That wound remained until discharge from Defendant's facility on June 2, 2015.

8. On June 18, 2015, Plaintiff was readmitted to Defendant's facility and the wound was infected.

9. At all relevant times, including on and after May 3, 2015, it was the duty of the Defendant, ADVOCATE CONDELL MEDICAL CENTER, through employees and agents, actual and apparent, including physicians and nurses, to exercise that degree of skill and care that reasonably well-qualified medical providers in the same field would provide under the same or similar circumstances.

10. Notwithstanding such duty, the Defendant, ADVOCATE CONDELL MEDICAL CENTER, was negligent in one or more of the following ways:

    a. By causing a wound on Plaintiff's right arm;

    b. By failing to properly treat the wound on the right arm;

    c. By failing to timely treat the wound on the right arm;

    d. By failing to timely recognize and appreciate the wound on the right arm;

2

    e.    Were otherwise careless and negligent in the care and treatment of the Plaintiff.

11. As a direct and proximate result of one or more of the above-described acts of negligence, Plaintiff suffered a wound that became severely infected, required treatment and caused scarring as more fully set forth below.

12. As a proximate result of the above occurrence, Plaintiff sustained severe and permanent injury, both externally and internally, and was and will be hindered and prevented from attending to her usual duties and affairs and has lost and will in the future lose the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for and will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

13. Attached is an Affidavit pursuant to Illinois Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

14. Attached is an Affidavit pursuant to Section 2-622.

WHEREFORE, the Plaintiff, SANDRA GOMEZ, demands judgment against the Defendant, ADVOCATE CONDELL MEDICAL CENTER, in a fair and reasonable sum over and above FIFTY THOUSAND ($50,000.00) DOLLARS.

## COUNT II

Now comes the Plaintiff, SANDRA GOMEZ, by her attorneys, KARLIN, FLEISHER & FALKENBERG, LLC, and complaining of the Defendant, NIGAM PATEL, M.D., states as follows:

1. At all relevant times, including on June 4, 2015, the Defendant, NIGAM PATEL, M.D., was a physician licensed to practice medicine in the State of Illinois.

2. On said day and date, Plaintiff, SANDRA GOMEZ, went to see Defendant, NIGAM PATEL, M.D., as this Des Plaines office to receive care for a wound on her right arm.

3. At all relevant times, including on June 4, 2015, it was the duty of the Defendant, NIGAM PATEL, M.D., to exercise that degree of skill and care that reasonably well-qualified physician in the same field would provide under the same or similar circumstances.

4. Notwithstanding such duty, the Defendant, NIGAM PATEL, M.D., was negligent in one or more of the following ways:

   a. By failing to properly diagnose the condition of Plaintiff;

   b. By failing to perform proper tests upon Plaintiff to diagnose the condition of her right arm wound;

   c. By failing to properly treat Plaintiff's condition;

   d. By failing to advise Plaintiff as to the immediacy of any needed treatment;

   e. Was otherwise negligent in the care and treatment of Plaintiff's condition.

5. As a direct and proximate result of one or more of the above-described acts of negligence, Plaintiff suffered a wound that became severely infected, required treatment and caused scarring as more fully set forth below.

6. As a proximate result of the above occurrence, Plaintiff sustained severe and permanent injury, both externally and internally, and was and will be hindered and prevented from attending to her usual duties and affairs and has lost and will in the future

lose the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for and will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

7. Attached is an Affidavit pursuant to Illinois Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

8. Attached is an Affidavit pursuant to Section 2-622.

WHEREFORE, the Plaintiff, SANDRA GOMEZ, demands judgment against the Defendant, NIGAM PATEL, M.D., in a fair and reasonable sum over and above FIFTY THOUSAND ($50,000.00) DOLLARS.

KARLIN, FLEISHER & FALKENBERG, LLC
Attorneys for Plaintiff

BY: _____
Charles V. Falkenberg, III

111 W. Washington, Suite 950
Chicago, IL 60602
312-346-8620

5

Attorney Code #49163
CVF/kls #40013

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| SANDRA GOMEZ, | ) |
| Plaintiff | ) ) ) |
| v. | ) No. ) |
| ADVOCATE CONDELL MEDICAL CENTER and NIGAM PATEL, M.D., | ) ) ) |
| Defendants | ) ) ) |

## AFFIDAVIT

Now comes the Affiant, Charles V. Falkenberg, III, and states the following under oath:

1. That he is the attorney of record for the Plaintiff.

2. The total of money damages sought does exceed $50,000.00.

Further Affiant sayeth naught.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

KARLIN, FLEISHER & FALKENBERG, LLC
Attorneys for Plaintiff

BY: _____
Charles V. Falkenberg, III

111 W. Washington, Suite 950
Chicago, IL 60602
312-346-8620
Attorney Code #49163

6

Attorney Code #49163
CVF/kls #40013

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| SANDRA GOMEZ, | ) |
| Plaintiff | ) ) ) |
| v. | ) No. |
| ADVOCATE CONDELL MEDICAL CENTER and NIGAM PATEL, M.D., | ) ) ) ) |
| Defendants | ) ) ) |

## AFFIDAVIT

Charles V. Falkenberg, III, being first duly sworn on oath, states:

1. I am an attorney employed by Karlin, Fleisher & Falkenberg, LLC, who are the attorneys representing the Plaintiff, Sandra Gomez, in this action.

2. I was unable to obtain a consultation as required by paragraph 1 of Section 2-622 of the Illinois Code of Civil Procedure because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

_____
Charles V. Falkenberg, III

KARLIN, FLEISHER, & FALKENBERG, LLC
Attorneys for Plaintiff
111 W. Washington, Suite 950
Chicago, IL 60602
312-346-8620
Attorney Code #49163

# EXHIBIT B

## CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Sandra Gomez v. Advocate Condell Medical Center, et al.,* No. 2017 L 4501 (Circuit Court of Cook County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, Access Community Health Network was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Nigam Patel, M.D., as acting within the scope of his employment at Access Community Health Network with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, Nigam Patel is deemed to be an employee of the United States pursuant to 42 U.S.C. § 233, for federal statutory tort purposes only.

    s/ Thomas P. Walsh
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
   for the Northern District of Illinois

Date: October 4, 2017